UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FONDATION JACQUE ANDRE VERNAUD, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-21-209-G |
| JACQUES VERNAUD, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Plaintiff Fondation Jacque Andre Vernaud ("Plaintiff" or "FJV") initiated this action on March 11, 2021, bringing claims against five Defendants.[1] *See* Compl. (Doc. No. 1). Now before the Court is Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 7), filed March 30, 2021. Plaintiff also has submitted several exhibits in support of its request for injunctive relief, *see* Doc. Nos. 5-1, 5-2, 5-3.

I.   *Standard of Review*

As explained by the Tenth Circuit,

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.

---

[1] The Defendants are: Jacques Vernaud, Inc.; Proodent, LLC; Philip Rood; Liliane Vernaud Rood; and Kai Kaniess.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citation omitted). These four requirements apply equally to a request for a temporary restraining order (or "TRO"). *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *United States v. Terry*, No. CIV-19-250-SLP, 2019 WL 7753271, at *1 (W.D. Okla. Mar. 26, 2019).

Plaintiff's request for a TRO is also governed by Rule 65(b) of the Federal Rules of Civil Procedure. Rule 65(b)(1) prescribes that the Court may enter a temporary restraining order without notice to the adverse party or its attorney only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B).

II.     *Plaintiff's Amended Motion*

In its Amended Motion, Plaintiff asserts that it is a charitable organization existing under the laws of the Democratic Republic of the Congo ("DRC"). Plaintiff further asserts that Defendants "have unlawfully accessed the social media accounts of FJV and have unlawfully used the intellectual property owned by FJV." Pl.'s Am. Mot. at 8. Plaintiff recites that it promotes itself and engages in commerce "through an online presence with websites and social media platforms such as on Facebook, Instagram and Twitter (the 'Platforms')." *Id.* Plaintiff alleges that Defendants have previously "hack[ed]" into Plaintiff's Facebook account and, while logged into that account, asserted control over

Plaintiff's Facebook account. *Id.* at 11-13. Plaintiff also alleges that someone outside of FJV attempted to log in to FJV's website multiple times on March 11, 2021. *See id.* at 13.

Plaintiff asks that the Court enjoin Defendants from: accessing or attempting to access Plaintiff's Platforms; changing information on or credentials for any Platform; using, controlling, or acting to control any trademark of Plaintiff; and taking any action that violates, impairs, or limits Plaintiff's intellectual property rights. *See id.* at 5-6.

III.   Discussion

The Court, having considered Plaintiff's Amended Motion as well as the remainder of the case record, does not find that entry of the "extraordinary remedy" of a TRO is warranted. Specifically, the Court does not find that Plaintiff has demonstrated a "clear and unequivocal" right to such relief because Plaintiff has not shown that it will suffer "irreparable injury . . . if the injunction is denied." *Dominion Video Satellite*, 269 F.3d at 1154.

The Court takes seriously Plaintiff's allegations of possible harm to its reputation and its personnel resulting from unauthorized entities or individuals commandeering Plaintiff's social-media Platforms. Plaintiff's filings, however, characterize only one such Platform—its Facebook account—as ever having been hacked into by Defendants. *See* Pl.'s Am. Mot. at 11-13. Plaintiff's Facebook account was improperly accessed by Defendants in incidents occurring between November 8, 2019, and October 6, 2020. *Id.*; Ketcham Decl. ¶ 12 (Doc. No. 5-1). Even assuming the truth of Plaintiff's allegations, its Facebook account has not been improperly accessed or overtaken in nearly six months. More significantly, Plaintiff explains that "with the assistance of Facebook Inc.," Plaintiff

has "reasserted control over the FJV Facebook Platform" since the October 2020 incident and has "implement[ed] a high level of security to limit the ability of" Defendants to access and control that account. Pl.'s Am. Mot. at 13. There is no allegation that this heightened security has been unsuccessful or that Facebook Inc. has been unable to adequately assist Plaintiff in these more recent efforts. *See id.*; Ketcham Decl. ¶ 13. Nor is there any suggestion that Plaintiff took other action to attempt to prevent Defendants' unauthorized access prior to filing this lawsuit. *Cf. Fish v. Kobach*, 840 F.3d 710, 753 (10th Cir. 2016) ("[D]elay in seeking preliminary relief cuts against finding irreparable injury." (internal quotation marks omitted)).

Plaintiff does allege that on March 11, 2021, there were "sixteen (16) failed login attempts by someone outside of FJV" on Plaintiff's organizational website. Pl.'s Am. Mot. at 13. The vice-president of FJV states that "[t]o her knowledge, FJV has not experienced any hacking efforts by anyone other than" certain Defendants and so she believes that one or more Defendants participated in this most recent "attack." Ketcham Decl. ¶ 16. Plaintiff does not offer any additional information regarding the security measures applied to the website (over which, presumably, Plaintiff has some direction). Further, although an injury is not "too speculative" to justify injunctive relief "simply because it is not certain to occur," a movant demonstrates that the alleged harm is not "too speculative" by "showing a *significant risk* of irreparable harm." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (emphasis added). Plaintiff's belief that Defendants were responsible for the failed login attempts, while understandable, is simply inadequate to link

Defendants to this conduct or to show a significant risk of irreparable harm to Plaintiff "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Therefore, even assuming Plaintiff could make the requisite showing on the other factors, Plaintiff has not clearly and unequivocally shown that it "will suffer" "immediate and irreparable injury, loss, or damage" absent entry of a TRO. *Fish*, 840 F.3d at 723; Fed. R. Civ. P. 65(b)(1)(A). Rather, the Court finds it reasonable to address Plaintiff's request as one for a preliminary injunction, with expedited briefing and hearing as necessary.

## CONCLUSION

Accordingly, to the extent Plaintiff's Amended Motion (Doc. No. 7) seeks a temporary restraining order, it is DENIED IN PART. To the extent Plaintiff's Amended Motion seeks entry of a preliminary injunction, it shall be HELD IN ABEYANCE and further considered at the appropriate time.

IT IS SO ORDERED this 1st day of April, 2021.

_____
CHARLES B. GOODWIN
United States District Judge